Ruffin, C. J.
 

 This case, we think, was not submitted to the jury on its true point. His Honor left it to them to enquire, whether the defendant’s slaves sawed the timber, under or contrary to the directions of the defendant or his manager ■ and instructed them that if they did it contrary to those directions, the defendant was not liable. But the question is not, whether the- master, under those circumstances, should be responsible for the acts of his slaves, merely as such ; as to which, it is not necessary now to give an opinion ; but as this is an action of trower, the question is, whether there was not evidence, on which* the jury might have found a conversion, and whether it ought not to have been left to them upon that enquiry. In the absence of all evidence, that the slaves, themselves, consumed, sold, or otherwise disposed of the timber they sawed, a presumption arises, that it was mixed with the-other lumber made for the defendant, and that the whole was disposed of together for the defendant, or to his use. That would be an actual conver
 
 *31
 
 sion, and, of course, would sustain this action. For however innocent the defendant might be of the wrong done by his slaves to the plaintiff, in sawing his timber, yet the subsequent consumption or appropriation of the lumber by the defendant, would render him liable for the value, since he thereby became so much richer out of the plaintiff’s property. Therefore, the instructions should have been, that, although the slaves sawed the timber against the orders of their master, or even by mistake, yet, if the jury believed from the circumstances, that the lumber, when sawed, came to the defendant’s use, the plaintiff was entitled to recover the value of his timber in this action.
 

 Per Curiam. Judgment reversed, and anew trial awarded.