MAKELY v. BOOTHE CO.

(Filed September 10, 1901.)

VENUE—*Trover and Conversion—Oysters—The Code, Sec. 190, Subd. 1.*

> In an action for the wrongful conversion of oysters taken from oyster bed of plaintiff, the defendant is not entitled to a change of venue to the county in which the beds are situated.

ACTION by M. Makely and W. O. Montgomery against A. Boothe Company and A. S. Fulford, heard by Judge *O. H. Allen,* at Spring Term, 1901, of the Superior Court of CHOWAN County. From an order denying a change of venue, the defendants appealed.

*Shepherd & Shepherd,* and *Pruden & Pruden,* for the plaintiffs.
*Chas. F. Warren* and *W. M. Bond,* for the defendants.

MONTGOMERY, J. The plaintiffs in their complaint alleged that the defendants received from John M. Flowers and others certain quantities of oysters, which Flowers and others had wrongfully and unlawfully taken from the plaintiffs' oyster grounds, situated in Hyde County, with full knowledge that the oysters had been wrongfully and unlawfully taken from the plaintiffs' oyster grounds, and that the defendants converted the oysters to their use. The oysters were alleged to be worth $2,000, and the action was brought against the defendants for the conversion of the same (trover) and for damages. The defendants denied the main allegations of the complaint, and prayed for a change of venue under subdivision 1 of section 190 of The Code, insisting that the action was in reality one for trespass upon,

and injury to, land in Hyde County—the oysters being regarded as a part of the real estate. The Court refused to remove the action to Hyde County for trial, and the defendants excepted and appealed.

Whatever might be the nature of the property in the oysters while they were in the oyster grounds, they became personal property upon being removed from their beds. The oysters could have been recovered as personal property, or, if not to be found, an action for the conversion of personal property could have been maintained against anyone—the original wrong-doer or any subsequent one. *Lee v. McKay,* 25 N. C., 29. It could not be that the owner of personal property, such as oysters taken from their beds, or timber cut from the land, would have to go to the county in which the land was situated and bring an action in trespass for injury to real estate for redress. There was no error in the ruling of his Honor.

No error.